# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BOOTH,<br><br>    Plaintiff,<br><br>  v.<br><br>LEE BURDICK,<br><br>    Defendant. | Case No. 1:18-cv-00670-LJO-BAM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 12, 13)<br><br>**FOURTEEN (14) DAY DEADLINE** |

    Plaintiff Patrick Booth ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 21, 2018, but before the Court could screen the initial Complaint, Plaintiff filed a motion to amend and lodged a First Amended Complaint on December 14, 2018. (ECF No. 12, 13).

    Plaintiff's motion to amend to file a first amended complaint ("FAC") is GRANTED. (ECF No. 12). *See* Fed.R.Civ.P. 15 (a) (a party may amend once as a matter of right, but must seek court leave for other amendments). Plaintiff's First Amended Complaint is now before the court for screening.

*///*

**I.     Screening Requirement and Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 677-78.

///

## II. Plaintiff's Allegations

In his FAC, Plaintiff names Madera County Counsel, Lee Burdick, as the sole defendant. According to Plaintiff, on January 1, 2018, he sent a letter to Defendant Burdick requesting the release of 30 photographs taken by Delores Floriano, a crime scene specialist for the Madera Sheriff's office, under the Freedom of Information Act ("FOIA) and California Government Code section 6255.[1] (ECF No. 13 at 5.) Plaintiff alleges that these photographs were collected as evidence in a state court criminal case against Plaintiff. (ECF No. 13 at 6-7). For various reasons, Plaintiff alleges that the 30 photographs taken by Delores Floriano prove that on July 23, 2004, Detective Campbell planted evidence at the 17919 Seabright Dr. Madera, CA crime scene. Specifically, Plaintiff states Detective Campbell took items including: (1) a video cassette box; (2) a skeleton rubber mask; (3) a plastic box; (4) soda bottles; and (5) water bottles from Plaintiff's residence and planted them at the crime scene before the crime scene had been processed.

On January 26, 2018, Defendant Burdick sent a response to Plaintiff denying his request for copies of the photographs. (ECF No. 13 at 5). On February 12, 2018, Plaintiff sent another letter to Defendant for "the sole purpose of appealing the decision to withhold the photographs requested." (ECF No. 13 at 5). In the letter denying Plaintiff's request for photographs, Defendant Burdick stated that "he is not bound by Federal Statute under the Freedom of Information Act 5 U.S.C. 552, 552a." (ECF No. 13 at 8).

Pursuant to 42 U.S.C § 1983, Plaintiff alleges that Defendant Burdick's denial of his FOIA request is retaliatory because Defendant desires to protect the illegal acts of Detective Campbell. Plaintiff also alleges that Defendant Burdick's refusal to produce all 30 photographs taken by Delores Floriano violates his Fourteenth Amendment due process rights.

As relief, Plaintiff requests a court order requiring Defendant to release all 30 photographs, and monetary and punitive damages. (ECF No. 1 at 12.)

---

[1] During discovery in Plaintiff's underlying criminal case, District Attorney E. Licalsi produced fifteen black and white crime scene photographs to Plaintiff. Plaintiff's instant request concerns the release of all 30 photographs taken by Floriano.

3

**III. Discussion**

    **A.    Plaintiff Fails to State a FOIA Claim Against Defendant**

At the outset, Plaintiff alleges that he sent a FOIA request to the County of Madera for copies of the crime scene photographs, but that request was improperly denied by Defendant Lee Burdick. However, the mere failure to provide the requested photographs does not implicate a federal cause of action for violation of a federal right and is not actionable in a Section 1983 case.

The Freedom of Information Act ("FOIA") provides for the mandatory disclosure of information held by federal agencies, unless the information is exempt from disclosure under specific provisions set forth in FOIA. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 220-21, 98 S. Ct. 2311, 2316, 57 L. Ed. 2d 159 (1978); *see also* 5 U.S.C. § 552. However, FOIA applies only to federal agencies. 5 U.S.C. § 552; *see also Armstrong v. Exec. Office of the President*, 90 F.3d 553, 569, 319 U.S. App. D.C. 330 (D.C. Cir. 1996). Hence, because Defendant is a county official and not a federal agency, Plaintiff's FOIA against Defendant Burdick should be dismissed.

Further, although Plaintiff also made his request pursuant to the California Public Records Act ("CPRA"), Gov't Code sections 6250-70 & 6275-76.48, an alleged wrongful denial of such of a request would not equate to a violation of his Constitutional rights. *See Houchins v. KQED, Inc.*, 438 U.S. 1, 15, 98 S. Ct. 2588, 2597, 57 L. Ed. 2d 553 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control."). Plaintiff's sole remedy for denial of a proper CPRA request "is to file a writ of mandamus in state court and money damages are not an available remedy." *Brooks v. Vallejo City Unified Sch. Dist.*, No. 2:12-CV-1466-GEB-EFB, 2013 U.S. Dist. LEXIS 33455, 2013 WL 943460, at *4 (E.D. Cal. Mar. 11, 2013) (*citing* Cal. Gov't Code §§ 6258, 6259(d)), *report and recommendation adopted sub nom. Brooks v. Vellejo City Unified Sch. Dist*., No. 2:12-CV-1466-GEB, 2013 U.S. Dist. LEXIS 46380, 2013 WL 1330516 (E.D. Cal. Mar. 29, 2013).

///

### B. Plaintiff Fails to State a First Amendment Claim for Retaliation

In his second claim, Plaintiff alleges that Defendant Burdick's conduct is a retaliatory effort to conceal the misconduct by Detective Campbell.

A retaliation claim may be stated where a plaintiff alleges retaliation by state actors for the exercise of his First Amendment rights. *See Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 283–84, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendant's conduct. *Mt. Healthy*, 429 U.S. at 287; *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

To adequately state a retaliation claim, the plaintiff must plead facts indicating that the type of activity in which plaintiff was engaged was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. *See Mt. Healthy*, 429 U.S. at 287. Retaliation is not adequately pled by simply pointing to adverse activity by the defendant after protected speech. Instead, the plaintiff must set forth facts demonstrating a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").

Plaintiff's bare allegation that Defendant Burdick denied his FOIA request for a retaliatory reason is insufficient to support a retaliation claim. Plaintiff fails to allege that Defendant denied his FOIA request because of Plaintiff's participation in protected conduct. As Plaintiff alleges in his complaint, Defendant Burdick denied Plaintiff's FOIA request because, as a county employee, Defendant Burdick "is not bound by Federal Statute under the Freedom of

Information Act." Accordingly, Plaintiff's retaliation claim is not cognizable because there are no allegations that Defendant Burdick would not have denied Plaintiff's FOIA request but for Defendant Burdick's retaliatory motive. Further, there are no facts alleged to support Plaintiff's theory of retaliatory motive. According to the complaint, Plaintiff has not yet filed his grievance against any of the investigating officers, and thus Plaintiff cannot allege that Defendant Burdick's denial of his FOIA request is a reaction to Plaintiff's future complaints against Detective Campbell. Ultimately, Plaintiff's retaliation claim does not suggest more than a mere disagreement with Defendant Burdick's FOIA decision and it should therefore be dismissed. *Iqbal,* 129 S.Ct. at 1949–50.

### C. Due Process

Finally, Plaintiff alleges that Defendant Burdick violated his due process rights when he denied his FOIA request. The problem with this claim is that, even if true, it would not support a constitutional claim against Defendant because the denial of a FOIA request does not rise to the level of a constitutional claim. *Rodrigues v. Norwood*, No. 10-629-R (MAN), 2010 U.S. Dist. LEXIS 68330, 2010 WL 2740174, at *5-6 (C.D. Cal. July 9, 2010) (dismissing due process claims on ground that allegedly improper denial of a FOIA); *see also Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777, 354 U.S. App. D.C. 49 (D.C. Cir. 2002) (dismissing due process claim arising from alleged mishandling of FOIA request as "the comprehensiveness of FOIA precludes the creation of a *Bivens* remedy"). Accordingly, Plaintiff has not and cannot state a due process claim against Defendant Burdick for his refusal to comply with Plaintiff's FOIA request.

### IV. Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety without prejudice to Plaintiff's further pursuit of his claims in an appropriate action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written

6

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 10, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE